**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8127**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DON PRINCE,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Joseph F. Anderson, Jr., Chief District Judge.   (3:01-cv-02047-JFA; 3:96-cr-00122-JFA)

Submitted:  January 13, 2009          Decided:  January 20, 2009

Before WILLIAMS, Chief Judge,  and TRAXLER and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Don Prince, Appellant Pro Se.   Jimmie Ewing, Mark C. Moore, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Don Prince, a federal prisoner, seeks to appeal the district court's order dismissing his motion filed pursuant to Fed. R. Civ. P. 60(b), which the district court construed as a successive 28 U.S.C. § 2255 (2006) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Prince has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Prince's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. See United

2

States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2006). Prince's claims do not satisfy either of these conditions. We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED